UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

Eastern District of Kentucky
**FILED**

**JUN 0 7 2007**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CRIMINAL ACTION NO. 05-188-KSF
(Civil Action No. 07-18-KSF)

UNITED STATES OF AMERICA,                                                      PLAINTIFF

V.                              **PROPOSED FINDINGS OF FACT
                                 AND RECOMMENDATION**

BECKY L. FRALEY,                                                               DEFENDANT

\* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the court on the motion of defendant Becky L. Fraley ("Fraley"), *pro se*, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct her sentence imposed in this action on March 27, 2006. This motion has been fully briefed and is ripe for review.

By standing order of the District Court this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 21, 2005, a two-count Information was filed against Fraley. Count 1 thereof charged that on or about April 11, 2005, Fraley and others conspired to knowingly and intentionally manufacture methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846; and Count 2 thereof charged that on or about May 23, 2005, Fraley and others conspired to knowingly and intentionally manufacture methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

Prior to the filing of this Information, Fraley had entered into plea negotiations with the United States, resulting in a plea agreement wherein she agreed to plead guilty to Counts 1 and 2of

the Information. Her Plea Agreement was filed of record on December 21, 2005, and the court accepted her guilty plea thereto. [DE #174].

On March 17, 2006, Fraley was sentenced and received a 36-month sentence of imprisonment on Count 1, a concurrent 36-month sentence of imprisonment on Count 2, for a total sentence of 36 months, to be followed by a three-year term of supervised release. [DE #14]. In the Judgment, the court also made the following recommendation to the Bureau of Prisons:

> It is recommended that the defendant be designated to the Federal Prison Camp at Alderson, West Virginia, so that she can participate in the intensive drug education and treatment program. It is recommended that she be permitted to participate as soon as possible so that she may then be sent back to the camp facility at Lexington, Kentucky.

Judgment, p. 2 [DE #14].

No direct appeal was filed.

### III. MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

On January 16, 2007, Fraley filed the present § 2255 motion, requesting that her presentence report be amended to remove the 2-point enhancement in her base offense level for possession of a dangerous weapon so that she would be eligible for credit for time off her sentence, pursuant to 18 U.S.C. § 3621(e), upon completion of the Bureau of Prison's Residential Drug Abuse Treatment Program ("RDAP"). As grounds for this request, Fraley states that she has been denied early release by the Bureau of Prisons due to the 2-enhancement contained in her presentence report for possession of a gun.

The United States has no objection to Fraley's § 2255 motion. The United States acknowledges that Fraley has been denied early release due to the gun enhancement, and the United States acknowledges that it was the government's intent, as well as the court's intent in sentencing Fraley, that she be eligible for early release upon completion of the RDAP.

### Discussion

In considering this matter, the Magistrate Judge has reviewed the transcript of Fraley's sentencing hearing. The United States correctly points out that it was the court's intent in sentencing

2

Fraley that she be eligible for up to a one-year reduction in her sentence upon completion of the

RDAP, as seen from the following excerpt from Fraley's sentencing hearing:

> THE COURT: So as I say, I have considered the sentencing objectives and I want to give you a sentence which is long enough to where you can take -- you can involve yourself in the intensive drug education and treatment program at the Bureau of Prisons because it's a good program and you need that. I could let you out today, and you'll be back in 30 days with either a supervised release violation, a probation violation, or some other kind of violation. But that's just -- that's what would happen, I'm sorry to say.
>
> But the primary factor I am considering here, they tell me that the sentence I impose should be sufficient but not greater than necessary to comply with certain purposes that are listed in the statute. And I'm going down to number 2(d) where the main purpose of this sentence is for you to have the intensive drug education and treatment. And if you get into that program, and I hope you'll get into it real soon, and complete that program, it will take some time off your sentence, I believe. Isn't that right, like maybe --
>
> MS. HAWKINS: Your Honor, if I may, we can probably take care of that here, I think we did this in one other case, she has the two-point enhancement for the firearm. However, in the case we had with, I remember, Barry Pittman, there is something that the Court can do where although it applies to the sentence, the Court can make a finding that for the purpose of the year off that the Court is going to allow her to get that year off. I don't know the magical language, but --
>
> THE COURT: All right. We'll get the magical language, and I certainly want to make that finding to where she can get the year off. So, Ms. Fraley, it's going to be the judgment of the Court that you be committed to the custody of the Bureau of Prisons for a period of 36 months on each count of conviction with the terms to run concurrently. And it is recommended to the Bureau of Prisons that you be designated to the Federal Prison Camp located at Alderson, West Virginia, so that you can participate in the intensive drug education and treatment program. Now I hope that they will get you into that program real soon and that after you complete that program, then you can be sent back here to Lexington to the camp facility. And it is also recommended to the Bureau of Prisons that you be afforded the opportunity to participate in vocational training as is appropriate.

TR., Sentencing Hearing, pp. 8-10 [DE #18].

It is clear from the foregoing sentencing hearing that in sentencing Fraley, it was the district

court's intention that upon completion of the RDAP, Fraley would be eligible for credit on her

sentence, pursuant to 18 U.S.C. § 3621(e), for up to a one-year off her three-year sentence.

3

The Federal Bureau of Prisons ("BOP") operates several Residential Drug Abuse Programs ("RDAP") pursuant to 18 U.S.C. § 3621(b) and (e). Upon completion of an intensive 500-hour residential program within a correctional institution, a participating inmate must complete an institutional transition phase and community transitional services. An inmate who successfully completes all phases of the program and meets all other eligibility requirements may receive early release of up to 12 months pursuant to 18 U.S.C. § 3621(e)(2)(B).

The federal statute creating the RDAP provides that early release is discretionary. *See* 18 U.S.C. § 3621(e)(2)(B) (providing that term of imprisonment of inmate convicted of nonviolent offense "may be reduced" by period of up to one year after successful completion of RDAP). This discretion is vested in the Bureau of Prisons. *See Lopez v. Davis*, 531 U.S. 230, 231, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001) (BOP has discretion to categorically exclude certain types of inmates from eligibility for early release); 18 U.S.C. § 3621(e)(2)(B). Thus, completion of the RDAP does not automatically entitle a defendant to early release. *See LaSorsa v. Spears*, 2 F.Supp.2d 550, 557-58 (S.D.N.Y.1998).

### Analysis

In Fraley's § 2255 motion, she is not challenging the legality of her conviction and/or sentence; instead, she is challenging the execution of her sentence. Thus, at first blush, it would appear that in order to obtain the relief she seeks (credit of one year off of her 3-year sentence), Fraley would be required to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the district where she is incarcerated, to challenge the denial of early release following her completion of the RDAP. However, based on a review of *Hickerson v. Willingham,* No. 3:06-cv-777 (CFD), 2006 WL 3422186 (D. Conn. Nov. 28, 2006), a case very similar to the present action, the Magistrate Judge concludes that under these particular circumstances, Fraley's § 2255 motion is the proper vehicle for the relief she seeks.

In *Hickerson v. Willingham, supra*, the inmate, Hickerson, completed the RDAP, but the BOP informed her that she was not eligible for early release because of a prior robbery conviction

4

in state court. Hickerson exhausted the administrative remedies available to her concerning the BOP's decision that she was not eligible for early release, and then Hickerson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the denial of early release upon her completion of the RDAP. The district court denied Hickerson's habeas petition based on the following rationale:

> Courts considering this issue have held that denial of early release following completion of the RDAP does not deny an inmate a liberty interest protected under the due process clause. *See, e.g., Jacks v. Crabtree,* 114 F.3d 983, 986 n. 4 (9th Cir.1997) (rejecting claimed liberty interest in the one-year sentence reduction because the statute is not written in mandatory language and denial of reduction only requires inmate to serve sentence originally imposed); *Egan v. Hawk,* 983 F.Supp. 858, 864 (D.Minn.1997) (holding that inmates have no liberty interest in early release). This court agrees. Hickerson has not alleged any facts suggesting that her conditions of confinement are any different from those of other inmates. The denial of early release only has caused her to serve the sentence previously imposed. Thus, Hickerson has not been denied any protected liberty interest and her due process claim fails.

*Hickerson, supra,* 2006 WL 3422186 at *3.

Even though the district court denied Hickerson's habeas petition filed under 28 U.S.C. § 2241, the district court suggested that the relief Hickerson sought should be pursued in a motion filed under 28 U.S.C. § 2255, as set out below:

> Hickerson states in her petition that the sentencing judge, prosecutor and her attorney all led her to believe that she should be awarded early release for completion of the RDAP. As explained above, whether an inmate is awarded early release is within the BOP's discretion. The sentencing judge, prosecutor and attorney have no authority to ensure that early release is offered to any inmate. To the extent that Hickerson is arguing that her sentence was improper because the sentencing judge relied on an award of early release, this claim must be raised in a section 2255 motion filed with the sentencing court.

*Id.*

Based on the excerpt from Fraley's sentencing transcript, set out above herein, it is clear that it was the court's intention in sentencing Fraley that she would be entitled to early release if she successfully completed the RDAP. ("We'll get the magical language, and I certainly want to make that finding to where she can get the year off."). The prosecutor concurred with such a sentencing scheme. In essence, the court imposed a three-year sentence, with the idea in mind that if Fraley

5

completed the RDAP, she would be eligible for one-year credit off this sentence, resulting in a net sentence of two years.

The BOP has advised Fraley and the prosecutor, who has been attempting to resolve this matter extrajudicially, that Fraley is not eligible for early release due to the 2-point gun enhancement, as seen from the following language in a letter dated March 27, 2007, from the BOP to the prosecutor:

> Thank you for your letter dated March 2, 2007, concerning the above-referenced inmate and her eligibility for early release pursuant to 18 U.S.C. § 3621(e), following her successful completion of the Bureau of Prisons' Residential Drug Abuse Prevention Program.
>
> It is clear from the language in Ms. Fraley's Judgment and Commitment Order and portions of the sentencing transcript that it was anticipated Ms. Fraley would be eligible for early release consideration despite the application of a two point enhancement under the United States Sentencing Guidelines for possessing a weapon. Unfortunately, the Bureau of Prisons cannot deem Ms. Fraley eligible for early release consideration due to the two point enhancement for possessing a weapon. See 28 C.F.R. § 550.58(a)(1)(vi)(B)&(C).

Exhibit Letter to Supplemental Response of the United States to Fraley's Motion to Vacate Sentence - DE #20.

As seen in *Hickerson v. Willingham, supra,* should the court determine that the actions of the BOP have thwarted its intentions, the sentencing court has the authority under Section 2255 to remove the gun enhancement from Fraley's presentence report. It is apparent from the foregoing letter that the BOP has determined that its regulations will not permit it to award Fraley any credit on her sentence due to the 2-point gun enhancement in her presentence report. Thus, the BOP, has thwarted, though apparently not intentionally or purposefully, the intentions of the court when sentencing Fraley. Consequently, the Magistrate Judge concludes that Fraley is entitled to relief on her § 2255 motion to the extent that her presentence report be amended to remove the 2-point enhancement in her offense level for possession of a dangerous weapon (the 2-point gun enhancement).

6

## IV. CONCLUSION

Based on a review of the record and the applicable law governing motions filed pursuant to 28 U.S.C. § 2255, to vacate, correct, or set aside sentence, for the reasons previously stated, the Magistrate Judge concludes that Fraley's § 2255 motion should be granted to the extent that her presentence report be amended to remove the 2-point enhancement in her offense level for possession of a dangerous weapon.

Accordingly, **IT IS HEREBY RECOMMENDED** that the motion of defendant Becky L. Fraley, filed under § 2255, to vacate, correct, or set aside sentence [DE #15] be **GRANTED** to the extent that her presentence report be amended to remove the 2-point enhancement in her offense level for possession of a dangerous weapon (the 2-point gun enhancement).

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. § 636 (b)(1)(B); Thomas v. Arn, 728 F.3d 813 (6th Cir. 1984), affirmed 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P 72 (b).

This _7th_ day of June, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

7